RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK

DATE __4/26/13__

*JDB*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

EDMUND SCHEIDEL

VERSUS

JACK GARNER, ET AL.

DOCKET NO. 12-CV-1815; SEC. P

JUDGE DRELL

MAGISTRATE JUDGE KIRK

## REPORT AND RECOMMENDATION

Pro se Plaintiff, Edmund Scheidel, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections (DOC), and he is incarcerated at Winn Correctional Center (WNC), in Winnfield, Louisiana. He complains that he was subjected to illegal searches at WNC in violation of his rights under the U.S. Constitution. He seeks monetary and injunctive relief.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff filed a complaint that is identical to that of Inmate Larry Bethany (Docket #1:10-cv-1430), except for the name and the date he started working in the Prison Enterprises Garment Factory. [See Doc. #1] Scheidel alleges that he began working in the garment factory at WNC on March 18, 2010, as a sewing machine operator. He alleges that two or more times per day, he was forced to undergo a strip and visual body cavity search when leaving the

garment factory. Plaintiff claims that the searches are unnecessary because no inmate can leave the garment factory until all tools are collected. Also, the inmates pass through metal detectors. He also complains that the searches are being conducted in violation of Department of Corrections Regulations, and without probable cause.

### Law and Analysis

Strip searches, including visual cavity searches, on convicted prisoners do not require probable cause or reasonable suspicion. See Bell v. Wolfish, 441 U.S. 520, 558-59 (1979)(finding visual strip searches conducted without probable cause were not unreasonable under the Fourth Amendment). A strip search or visual body cavity search of a prison inmate, which includes the exposure of body cavities for visual inspection, is not per se unreasonable under the Fourth Amendment. See Thorne v. Jones, 765 F.2d 1276 (5th Cir. 1985), citing United States v. Lilly, 576 F.2d 1240 (5th Cir. 1978). The Fourth Amendment requires only that these searches be reasonable under all the facts and circumstances in which they are performed. See Elliott v. Lynn, 38 F.3d 188 (5th Cir. 1994)(citations omitted). As articulated in this context by the United States Supreme Court in Bell v. Wolfish:

> The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application. In each case it requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. Courts must consider the scope of the particular intrusion, the

2

> manner in which it is conducted, the justification for initiating it, and the place in which it is conducted.

441 U.S. 520, 559 (1979). The Fifth Circuit has interpreted this statement of reasonableness as "striking a balance 'in favor of deference to prison authorities' views of institutional safety requirements against the admittedly legitimate claims of inmates not to be searched in a humiliating and degrading manner.'" Elliott v. Lynn, *supra*, quoting Watt v. City of Richardson Police Dept., 849 F.2d 195, 196 (5th Cir. 1988).

There is an obvious penological interest in the maintenance of security and location of contraband within the prison. See Oliver v. Scott, 276 F.3d 736, 743 (5th Cir. 2002). Plaintiff believes the searches are unnecessary because there is a tool count policy in place, and because inmates walk through a metal detector. Although these precautions monitor the tools and metal objects, they do not account for non-metal objects that are not tools, per se, but could be made into weapons if removed from the factory. Plaintiff's belief that the searches are unnecessary is conclusory.

Plaintiff complains that the searches are conducted in violation of Louisiana Department of Regulation policies regarding searches of inmates. An inmate's right to be free from unconstitutional searches arises under the Constitution of the United States, not state policy. The failure of state officials to fulfill their duties under state law does not give rise to a federal constitutional claim. See Myers v. Klevenhagen, 97 F.3d

3

91, 94 (5th Cir. 1996) (holding that a prison official's failure to follow the prison's own policies, procedures, and regulations does not constitute a violation of due process if constitutional minima are nevertheless met); Giovanni v. Lynn, 48 F.3d 908, 912 (5th Cir. 1995), *cert. denied*, 516 U.S. 860 (1995) (holding that a mere failure to accord procedural protection called for by state law or regulation does not of itself amount to a denial of due process); Murphy v. Collins, 26 F.3d 541, 543 (5th Cir. 1994) (holding that a state's failure to follow its own procedural regulations does not constitute a violation of due process if constitutional minima are met); Murray v. Mississippi Department of Corrections, 911 F.2d 1167, 1168 (5th Cir.1990), cert. denied, 498 U.S. 1050 (1991) (holding that alleged violations of a state statute did not give rise to federal constitutional claims); Jackson v. Cain, 864 F.2d 1235, 1251 (5th Cir. 1989). As such, Plaintiff's claim should be dismissed.

### Conclusion

For the forgoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED AND DISMISSED with prejudice** for failing to state a claim for which relief can be granted pursuant to 28 U.S.C. §1915(e)(2)(b) and 1915A.

### Objections

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days**

from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED at Alexandria, Louisiana, this 25th day of April, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE