RECEIVED
JUL 1 1 2014
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| EDMUND SCHEIDEL | DOCKET NO. 12-CV-1815; SEC. P |
| VERSUS | JUDGE TRIMBLE |
| JACK GARNER, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se Plaintiff, Edmund Scheidel, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections (DOC), and he is incarcerated at Winn Correctional Center (WNC), in Winnfield, Louisiana. He complained that he was subjected to illegal strip searches at WNC in violation of his rights under the U.S. Constitution.

Plaintiff's complaint was dismissed in light of the obvious penological interest in the maintenance of security and the location of contraband within the prison. Even though inmates walk through a metal detector and there is a tool count policy in place, such precautions do not account for non-metal objects that are not tools, per se, but could be made into weapons if removed from the factory. [Doc. #12, 15] The Fifth Circuit Court of Appeals reversed and remanded Plaintiff's Fourth Amendment claim on the grounds that this Court's dismissal was premature because the record contained no justification, penological or otherwise, for the strip searches. See Scheidel v. Secretary of Public Safety and Corrections, --- Fed.Appx. ----, 2014 WL 1379199 (5th Cir. 4/9/14).

Scheidel alleged that he began working in the garment factory at WNC on March 18, 2010, as a sewing machine operator. He alleged that two or more times per day, he was forced to undergo a strip and visual body cavity search when leaving the garment factory. Plaintiff claimed that the searches were unnecessary and unreasonable.

In light of the Fifth Circuit's opinion of April 9, 2014, Scheidel was sent two summons forms and one USM 285 for each defendant to be completed by Plaintiff and returned to the clerk of court for service on the defendants by the United States Marshal Service. [Doc. #21] Scheidel had until June 23, 2014, to comply with the Order regarding service of process. [Doc. #21] The Order was returned to sender, marked undeliverable, noting that Scheidel had been released. [Doc. #22, 23]

### Law and Analysis

Federal Rule of Civil Procedure Rule (FRCP) 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with ... a court order...." The district court also has the inherent authority to dismiss an action sua sponte, without motion by a defendant. See Link v. Wabash R.R.Co., 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988). To

date, he has failed to comply with the Court's order of May 23, 2014 regarding service of process.

Additionally, the Order mailed to Plaintiff was returned to the clerk as undeliverable. Local Rule 41.3 for the Western District of Louisiana provides that "[t]he failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days." Scheidel's address was changed, at the latest, on June 2, 2014, the date the Order was returned to the clerk of court through the postal service. Thirty days from that date have expired, and Scheidel has failed to update his address with the Court.

*Conclusion*

**FOR THE FOREGOING REASONS, IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** in accordance with FRCP 41(b) for Scheidel's failure to comply with the Court's order and Rule 41.3 of the Local Rules for the Western District of Louisiana for failing to keep the court apprised of an address change.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to

another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _____ day of July, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE